# Harris v. The State.

| 128 | 41 |
| 144 | 94 |

*Indictment for an Assault with Intent to Murder.*

1. *Assault with intent to murder; plea of former conviction.*—In a prosecution under an indictment for an assault with intent to murder, a plea of former conviction in which the defendant set up the fact of his having been tried and convicted before the recorder of the city in the county wherein the indictment was preferred, for having committed an assault and battery, and alleging that the offense with which he was charged under pending indictment "is based upon and is of the same transaction and assault as alleged in the first prosecution" before the recorder, is subject to demurrer in that said plea fails to show that the prosecution and judgment of conviction before the recorder was for the violation of a State statute.

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.
The appellant was indicted, tried and convicted for an assault with intent to murder, and sentenced to the penitentiary for two years. The facts of the case are sufficiently stated in the opinion.

JOHN G. FINLEY, for appellant, cited *Ex parte Pruitt*, 99 Ala. 228; *Brown v. State*, 105 Ala. 117; *State v. McFarland*, 121 Ala. 47.

CHAS. G. BROWN, Attorney-General for the State, cited *Baysinger v. State*, 77 Ala. 60.

HARALSON, J.—It is not denied that the same act may constitute an offense both against the State and municipal corporation, and the State and municipality

[Harris v. The State.]

may each punish it without violation of constitutional principle.—Cooley Const. Lim., 139; Dillon on Munic. Corp., § 368; *Mayor v. Allaire,* 14 Ala. 400; *Craig v. Burnett,* 32 Ala. 728; *Ex parte Burnett,* 30 Ala. 461. Of course, the authority of corporations is limited by their charter powers, and must be exercised in conformity therewith.—*Ex parte Mayor of Anniston,* 90 Ala. 516; 17 Amer. & Eng. Ency. Law, 236.

In the case before us, George Young, the party assaulted, made an affidavit before the sergeant of police of the city of Montgomery, charging that defendant, within the limits of the city, county and State, and within the police jurisdiction of the city of Montgomery, did assault and beat him by cutting him; and on this affidavit, on the day of its date,—the 13th July, 1900, —the sergeant of police issued a warrant to any lawful officer of the State, reciting the contents of the affidavit, and commanding him to arrest the accused and bring him before the recorder. The warrant was executed, and defendant was duly tried by the recorder, and found guilty of an assault and battery as charged in the complaint, and a fine of $25 was assessed against him, in default of the payment of which, defendant was sentenced to hard labor for the city of Montgomery for 28 days. He performed the hard labor sentence. On the 28th July, 1900, at the July term of the city court of Montgomery, defendant was indicted for an assault with intent to murder said George Young, and was convicted thereof and sentenced by said court to two years in the penitentiary. The defendant pleaded in bar of the prosecution in the city court, the fact of his trial and conviction before the recorder for having committed an assault and battery, alleging in his plea, that the offense with which he was then charged in said court "is based upon and is the same transaction and assault as alleged in the first prosecution" (before the recorder), and prayed to be discharged. A demurrer was sustained to this plea, and that is the error complained of on appeal.

There was no error in sustaining the demurrer to this plea. It failed to show, that the prosecution and judgment of conviction before the recorder was for the vio-

lation of a State statute, and from aught appearing therein, the conviction was for the violation of a municipal ordinance, which was no bar to a prosecution for the same criminal act, if a felony, in the State court. Acts, 1894-5, p. 628, § 27.

We would not be understood as holding, that if the plea had shown that the proceeding before the recorder, was for the violation of a State statute, adjudicated by him as an *ex officio* justice of the peace, under the supposed authority of the charter of the city, that such a proceeding would be constitutionally authorized, under the charter, entitled as it is "To establish a new charter for the city of Montgomery" (Acts, 1892-3, p. 368), and the act amendatory thereof. (Acts, 1894-5, p. 628.) We do not deem it important to pass upon that question at this time, and do not do so. See *Bell v. The State,* 115 Ala. 87.

Let the judgment of the court below be affirmed.