# Black *v.* State.

*Assault and Battery.*

[DECIDED APRIL 3, 1906, 40 So. REP. 611.]

1.  *Criminal Law; Former Conviction.*—In the absence of a statute making it so, a conviction of crime before the mayor of a town, is not a bar to a subsequent prosecution for the same offense by the State.

2.  *Statutes; Title; Sufficiency.*—The Act entitled "an act to amend an act to incorporate the Town of Geneva" (Laws 1894-95, p. 794) is unconstitutional so far as the provisions therein making an acquittal or conviction of misdemeanor before its mayor a bar to a subsequent prosecution in the State Courts is concerned, because not within the scope of the title; the original act not containing such a provision.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

The defendant was indicted, tried and convicted of assault and battery by the Geneva County Court. Before the trial was entered upon he interposed a plea setting up that he had been tried by the Mayor of the municipality of Geneva, convicted and fined, from which conviction, he prayed and obtained an appeal to the Circuit Court of Geneva county, and that upon the trial of said cause in the circuit court, he was convicted and fined, which fine he paid. That the offense here charged and the offense for which he was convicted by the Mayor and on appeal in the Circuit Court, was one and the same offense. The state demurred to the plea on various grounds not necessary to be set out, and these demurrers were sustained by the trial court.

[Black v. State.]

W. R. CHAPMAN, for Appellant.—(No brief came to the hands of the reporter.

MASSEY WILSON, Atty. Gen., with whom was C. D. CARMICHAEL, solicitor of the Geneva County Court for the State.—The provisions of the charter of the town of Geneva, Acts 1894-5, p. 794, "In all cases where persons are convicted or acquitted before the Mayor, or acting Mayor, for any offense which is a misdemeanor under the laws of the State, such conviction or acquittal shall be a bar to a prosecution of such person for such offense, before any State court," is unconstitutional and void as not being germain to the act and not expressed in its title.—*Bell v. State,* 115 Ala. 87.

The plea of former conviction interposed by the defendant was bad because it failed to show that the prosecution and judgment before the mayor was for a violation of a State statute. If for a violation of the municipal ordinance, it constituted no bar to the prosecution before a State court.—*Harris v. State,* 128 Ala. 41.

WEAKLEY, C. J.—By the terms of an act approved Feb. 18th, 1895, "To amend an act entitled 'An act to incorporate the town of Geneva county, approved March 4th, 1875' " (Acts 1894-95, p. 794), the mayor of that municipality was declared to possess the jurisdiction of a justice of the peace, and as such to have concurrent jurisdiction with the circuit court to try all misdemeanors known to the laws of the State, committed within the corporate limits (section 3, p. 795), and by section 16 (page 807) of said act power was conferred upon the mayor to try all violations of the laws, by-laws, and ordinances of said town. The mayor, therefore, had jurisdiction as a justice of the peace to try certain misdemeanors against the state, and power as an officer of the municipal corporation to try and convict offenders for violations of the town laws and ordinances. If the assault and battery charged against the appellant was violative of a city ordinance, he might be convicted therefor by the mayor, and this conviction, unless otherwise provided by a valid statute, would not bar a prosecution by the

state for the same act, as being a misdemeanor against the state.—*Harris v. State,* 128 Ala. 41, 29 South. 581.

In the amended plea of former conviction, which presents the real facts as to the trial before the mayor, and which exhibits a copy of the proceedings before the mayor, together with copies of the appearance and appeal bonds, the appellant set up and relied upon a certain provision in the act of February 18, 1895, which refers to convictions before the mayor for violation of town laws and ordinances, and declares "that in all cases where persons are convicted or acquitted before the mayor or acting mayor, for any offense which is a misdemeanor under the language of the statute, such conviction or acquittal shall be a bar to a prosecution of such person for such offense before the State court." The entries from the mayor's docket and the appearance and appeal bonds executed by appellant to the town of Geneva all show that the conviction was had upon a prosecution in which the town of Geneva was plaintiff, and negative the conclusion that he had been punished for a misdemeanor against the State, in a prosecution before the mayor as a justice of the peace, in the exercise of his concurrent jurisdiction with the circuit court. If, therefore, the statutory provision, above quoted, purporting to grant immunity from a second prosecution after a conviction or acquittal by the mayor on a charge of violating a town ordinance, be unconstitutional, then the plea of former conviction constitutes no bar to a conviction in the county court in this case and the demurrer to the plea was properly sustained. The case of *Bell v. State,* 115 Ala. 87, 22 South. 453, is decisive of this question.

The act of March 4, 1875 (Acts 1874-75, p. 348), incorporating the town of Geneva, had no clause or provision bearing any similarity to the one we are considering from the amendatory act of February 18, 1895, and the provision relied upon must be held not to be within the title of the latter act. In the case cited, Chief Justice (then Justice) McClellan said: "To take away from any tribunal, even of the most inferior character, established by general laws and charged with their administration, jurisdiction theretofore conferred to try offenses against the criminal laws of the State, and to

[Albert Holman v. The State.]

confer it exclusively upon an officer of a municipal cor-poration, is not to provide for the exercise of any func-tion of municipal life, nor to confer any power incident 1c municipal government, nor to follow any suggestion which can be referred to the expressed purpose of estab-lishing a municipal charter." The same reason-ing is applicable to an act to amend the charter of a municipality, when the original act constituting the charter contained no provision of like character and purpose.—*Ex parte Reynolds*, 87 Ala. 136, 6 South. 335.

It is unnecessary to consider other questions presented by the demurrer, as one good reason to sustain it is sufficient. The statement of the appellant to the wit-ness Cargle was shown to have been volunutary, and was properly admitted in evidence. Whether Hendrick, the assaulted party, had or had not on other and different oc-casions invited appellant behind the counter at the dis-pensary, was entirely irrelevant to the issue in the case, and the court committed no error in declining to enter upon that inquiry.

There is no error in the record.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.