20 So.2d 880

**HOWELL v. CITY OF FORT PAYNE.**

7 Div. 810.

Supreme Court of Alabama.

Jan. 18, 1945.

Leonard Crawford, of Fort Payne, for petitioner.

---

[1] Ante, p. 107

316

Phillips & Thrift, of Birmingham, opposed.

STAKELY, Justice.

In the case of Harris v. State, 128 Ala. 41, 29 So. 581, this court said: "It is not denied that the same act may constitute an offense both against the state and municipal corporation, and the state and municipality may each punish it without violation of constitutional principle." In the foregoing case the defendant upon a charge of assault with intent to murder pleaded in bar of the prosecution the fact of his trial and conviction before the recorder for having committed an assault and battery, alleging in substance in his plea that the offense with which he was then charged was based upon the same transaction and assault. The court in that decision with reference to the foregoing plea further said: "There was no error in sustaining the demurrer to this plea. It failed to show, that the prosecution and judgment of conviction before the recorder was for the violation of a state statute, and from aught appearing therein, the conviction was for the violation of a municipal ordinance, which was no bar to a prosecution for the same criminal act, if a felony, in the state court." See also Bell v. State, 16 Ala.App. 36, 75 So. 181, certiorari denied 200 Ala. 364, 76 So. 1; State v. Town of Springville, 220 Ala. 286, 125 So. 387.

We come now to a consideration of the allegations of Plea A, set forth in the opinion of the Court of Appeals.

 In the light of the foregoing authorities, assuming for the moment that the transportation was solely within DeKalb County, which we judicially know to be a dry county (Johnson v. State, 29 Ala.App. 276, 196 So. 151, certiorari denied 239 Ala. 611, 196 So. 153), it is clear that the possession of the prohibited liquors was a violation of the municipal ordinance, even though the crime of transportation included possession. Consequently the municipality could prosecute for the violation of the city ordinance against possession, even though the State also prosecuted for violation of the State statute against transportation.

Now is this situation changed by the averments of Plea A wherein it is shown that the transportation is from without the State, through a dry county and into a 'wet county? We do not think so. These allegations do not present the question of the committal power or final jurisdiction of the municipal court. Taken with the other averments of the plea, they simply show, if true, that the defendant was also guilty of a violation of the State law, since there was no allegation that the defendant was a qualified agent or licensee of the State A. B. C. Board. Hardin v. State, 241 Ala. 4, 3 So.2d 89.

It results that the lower court was correct in sustaining the demurrer to Plea A. The judgment of the Court of Appeals is reversed and the judgment of the lower court is affirmed.

Reversed and rendered.

All the Justices concur.