94 So.2d 226

**Troy R. T. SHIELDS**

v.

**STATE.**

**7 Div. 460.**

Court of Appeals of Alabama.

March 26, 1957.

58

Jack Floyd, Gadsden, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged defendant with transporting prohibited liquors in a quantity of five gallons or more.

■ To the indictment defendant filed pleas of former jeopardy. Plea one shows that defendant was convicted and fined in the Mayor's Court of the City of Ashville, Alabama, for an offense committed within the police jurisdiction, alleging in said plea that his conviction in the Mayor's Court "was based upon and is of the same matters and transactions as is alleged against this defendant in this indictment."

Plea two shows that defendant was tried and convicted in the Mayor's Court of the town of Ashville for the violation of an ordinance, which was "a prosecution for the same, or substantially the same, offense as that charged in the indictment in this case."

The State's demurrer to the pleas was properly sustained. Plea one fails to show that the conviction in the Mayor's Court was for the violation of a State statute, and plea two admits that the conviction was for the violation of a municipal ordinance, "which was no bar to a prosecution for the same criminal act, if a felony, in the state court." Harris v. State, 128 Ala. 41, 29 So. 581. See also Howell v. City of Fort Payne, 246 Ala. 315, 20 So.2d 880.

The charge of transporting prohibited liquors in quantities of five gallons or more is a felony. Title 29, Section 187, Code 1940.

The testimony for the State tended to show that defendant was apprehended in the police jurisdiction of the City of Ashville. At the time of his arrest he was driving a 1955 Ford automobile, which contained fifty cases of beer, two and a half cases of whiskey and one and a half cases of gin, which was an amount exceeding five gallons.

Under the evidence presented the court properly denied the defendant's motion to exclude the State's evidence on the ground that the State had failed to make out a case against the defendant.

No testimony was offered in defendant's behalf.

There was no request for the general affirmative charge nor was there a motion for a new trial. The charge and conviction was for a felony. The judgment fails to recite that the defendant was asked by the court if he had anything to say why the sentence should not be pronounced upon him.

However, since no error appears which would affect the judgment of conviction, the judgment is affirmed and the cause is remanded for proper sentence. Smith v. State, 28 Ala.App. 506, 189 So. 86, and cases there cited.

Judgment affirmed, cause remanded for proper sentence.