STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT D. BELL AND PETER J. LYNCH, DEFENDANTS-APPELLANTS.

Argued December 16, 1969—Decided January 19, 1970.

*Miss Cynthia M. Jacob,* Assistant Deputy Public Defender, argued the case for defendants-appellants (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Miss Cynthia M. Jacob,* Assistant Deputy Public Defender, on the brief).

*Mr. John J. Trombadore,* Assistant County Prosecutor, argued the cause for plaintiff-respondent (*Mr. Michael R. Imbriani,* Somerset County Prosecutor, attorney; *Mr. S. Philip Klein,* Assistant County Prosecutor, on the brief).

The opinion of the court was delivered by

PROCTOR, J. Defendants Robert Bell and Peter Lynch were jointly indicted for breaking and entering with intent to steal. They were tried separately and each was found guilty by a jury in the Somerset County Court. The defendants appealed and their cases were consolidated by the Appellate Division because they concerned the same events and presented common questions of law. That court affirmed the conviction, 105 *N. J. Super.* 238 (*App. Div.* 1969), and we granted defendants' petition for certification. 54 *N. J.* 251 (1969).

The facts material to this appeal are not disputed. About 2:00 in the morning of February 28, 1967, Three Lights Tavern in Bernardsville, Somerset County, was broken into and entered. A jug containing $120.82 and a bottle of whiskey valued at six dollars were stolen. Between 1:30 and 2:30 that morning the defendants Bell and Lynch twice aroused the suspicion of the police. On the first of these occasions, a police officer took their names and the license of the car they were traveling in after he had seen it skidding on the snow-covered roads. On the second occasion two other police officers saw the car which was being driven in a manner that aroused their suspicions. The police did not stop the vehicle, but instead drove down the road in the direction the defendants had come from to check on the various stores in the vicinity. At the tavern they noticed fresh footprints in the snow leading to the rear window which had been re-

moved. They immediately called the owner, who, after inspecting the premises, reported that the jug containing the money and a bottle of whiskey were missing. The police then radioed an alert for the suspicious vehicle which included a description of the two missing items. Responding to the description given them, the police of Randolph Township, Morris County, stopped the car and arrested the defendants. The jug and the bottle of whiskey were found in the automobile.

Later that day the police swore out complaints in the Municipal Court of Randolph Township, charging each defendant with violating *N. J. S. A.* 2A:139–1[1] by receiving stolen goods, *viz.*, the jug containing the money and the bottle of whiskey. On March 8, after having waived indictment and trial by jury in accordance with the requirements of *N. J. S. A.* 2A:8–22, each defendant pleaded guilty to the charge, was sentenced to 30 days in jail and was fined $25 and $5 court costs. The 30-day sentence was suspended but defendants were incarcerated in the Morris County Jail for six days in lieu of payment of the fine and costs.

On June 21, 1967, the defendants were indicted by the Somerset County Grand Jury for breaking and entering the Three Lights Tavern with intent to "steal, take and carry away the money, goods and chattels * * * found" in the tavern in violation of *N. J. S. A.* 2A:94–1.[2] At the trial, the only evidence produced by the State to show an "intent to steal" — a requisite element of the crime charged — was the jug and the bottle of whiskey. Each defendant urged that there was a repugnancy between their convictions

---

[1] *N. J. S. A.* 2A:139–1 provides in pertinent part:
"Any person who receives or buys any goods or chattels * * * or other thing of value stolen from any other person * * * is guilty of a high misdemeanor."

[2] *N. J. S. A.* 2A:94–1 provides in pertinent part:
"Any person who willfully or maliciously breaks and enters * * * any building * * * with intent to * * * steal * * * is guilty of a high misdemeanor."

for breaking and entering with intent to steal and receiving stolen goods. The trial court rejected these contentions as did the Appellate Division in upholding the convictions. The Appellate Division reasoned that the crimes of receiving stolen property and breaking and entering with intent to steal are not necessarily inconsistent since "one can break and enter with *intent* to steal and yet be a receiver of goods stolen by another." 105 *N. J. Super., at* 241. The court conceded that a repugnancy would have existed if the defendants were charged with larceny and receiving stolen goods, but concluded that defendants "estopped themselves from maintaining that they were the thieves" by pleading guilty in the municipal court to receiving the goods. *Id.* at 240-241.

We believe that the Appellate Division erred in permitting the defendants' convictions to stand in light of their previous convictions for receiving stolen goods.

At the outset we note that the area of double jeopardy and *res judicata* has been the subject of a great deal of confusion in the criminal law. See discussion in *State v. Currie,* 41 *N. J.* 531, 535–539 (1964); Lugar, "Criminal Law, Double Jeopardy and Res Judicata," 39 *Iowa L. Rev.* 317 (1954). Many of the difficulties would be eliminated if all charges against a defendant were disposed of in a single trial rather than by piecemeal litigation. See *State v. Cormier,* 46 *N. J.* 494, 504 (1966); *Model Penal Code* § 107(2) (Proposed Official Draft 1962). Although our rules do not require it, the State could have avoided the problems in the present case had it tried the defendants for the crimes of larceny, breaking and entering with intent to steal, and receipt of stolen goods in one trial in the county court. Any inconsistencies in the verdicts of the juries could then have been cured by the trial judge. See *State v. Fioravanti,* 46 *N. J.* 109, 126–128 (1965). But since the defendants were convicted of receiving stolen goods and of breaking and entering with intent to steal in successive trials, we are compelled to answer the question of whether these convictions are repugnant, *i. e.,* whether the State is collaterally estopped from try-

ing the defendants for breaking and entering with intent to steal after accepting their pleas of guilty to receiving stolen goods.

It has repeatedly been held that a defendant cannot be convicted of both larceny and receiving the same goods since a conviction of the latter necessarily precludes a finding that he was the thief. *State v. Fioravanti, supra at 126; State v. Coggin,* 30 *N. J.* 129, 131 (1959) ; *State v. Bozeyowski,* 77 *N. J. Super.* 49, 55 *(App. Div.* 1962) ; *State v. Shelbrick,* 33 *N. J. Super.* 7, 10 *(App. Div.* 1954). It is also clear that the crimes of breaking and entering with intent to steal and receiving stolen goods are not necessarily repugnant. An individual could break and enter a building with intent to steal property and fail to obtain it, yet he could later receive that property from a thief who was successful. There are numerous other possibilities, but none fits the facts of the present cases. The question here is narrowed to whether the defendants' successive convictions are repugnant under these facts despite their theoretical compatibility.

In *Sealfon v. United States,* 332 *U. S.* 575, 68 *S. Ct.* 237, 92 *L. Ed.* 180 (1948), the United States Supreme Court stressed the importance of examining the records of the first and second trials when applying principles of collateral estoppel to criminal actions. It emphasized that such matters should be examined in a "practical frame and viewed with an eye to all the circumstances of the proceedings." 332 *U. S.* at 579, 68 *S. Ct.* at 92 *L. Ed.* at 184.

Considering all of the circumstances in the present cases, we believe that the defendants are being charged with two crimes, one of which they could not possibly have committed. In the first instance, the defendants were charged in a court of competent jurisdiction with the crime of receiving stolen goods, *viz.,* the bottle of whiskey and the jug containing money. The court accepted their pleas, and this was tantamount to a conviction by a jury. See *State v. Mowser,* 92 *N. J. L.* 474 *(E. & A.* 1918). Subsequently they were indicted, tried and convicted for breaking and entering with intent to

steal. The only evidence which the State introduced to prove defendants' *intent* was their possession of the bottle of whiskey and the jug shortly after the robbery. It apparently relied on *State v. Dancyger,* 29 *N. J.* 76, 85, *cert.* denied 360 *U. S.* 903, 79 *S. Ct.* 1286, 3 *L. Ed.* 2d 1255 (1959), in which we held that the unexplained and exclusive possession of stolen property shortly after the theft justifies an inference that the possessor is the thief. In the present cases the inference is carried one step further to prove that the thief was the intruder. But for the jury to have reached the conclusion that the defendants broke into and entered the tavern with intent to steal, it necessarily must have determined that they were the thieves. Such a determination belies the defendants' previous convictions for receiving from another those same goods.

In *State v. Emery,* 27 *N. J.* 348 (1958) this Court considered a problem similar to that in the present case. There the defendant was convicted of drunken driving in the municipal court and on appeal his conviction was affirmed. Following this conviction, he was indicted and was found guilty in county court of conspiring with others to obstruct justice by falsely stating that he was the driver. Faced with these two wholly inconsistent factual determinations, this Court reversed his conviction for conspiracy to obstruct justice. Justice Wachenfeld, speaking for the Court, reasoned:

"The factual inconsistencies of the two judgments make it apparent that an injustice has been done by the rendition of one of them.

✻      ✻      ✻      ✻      ✻      ✻      ✻      ✻

"Because of his prior conviction in the municipal and County Courts of driving while under the influence of intoxicating liquor, the State was collaterally estopped from convicting the defendant for conspiring to state falsely he was the driver of the automobile on the occasion in question. The doctrine of collateral estoppel, under these circumstances, precludes the relitigation between the same parties of the identical factual question previously tried between them, where it is isolated and determinative of the basic factual issue involved. *Restatement, Judgments,* § 68. See *Mazilli v. Accident & Casualty Ins. Co.,* 26 *N. J.* 307 (1958). It applies in criminal as well as in civil

cases. *State v. Leibowitz*, 22 *N. J.* 102 (1956) ; *State v. Hoag*, 21 *N. J.* 496 (1956), affirmed [356 *U. S.* 464,] 78 *S. Ct.* 829 [2 *L. Ed. 2d* 913] (1958)." *Id.*, at 358–359.

See also *State v. Cormier, supra* at 505–509 (1966).

█ █ In the present cases, it is apparent from an examination of the proceedings that the defendants could not be guilty of both receiving stolen goods and breaking and entering with intent to steal the identical goods. The evidence showed that the tavern was broken into at about 2:00 A.M. and that the defendants were arrested approximately 15 to 18 miles from the tavern only 40 minutes later with the stolen goods in their possession. Moreover, their vehicle twice was observed near the scene of the crime between 1:30 and 2:30 A.M. behaving strangely. Although these facts would appear to lead to a conclusion that the defendants were the thieves rather than receivers of the goods, it is clear that they could not have been both. Yet as we have said, the State's case for breaking and entering with intent to steal depended on an inference that defendants were the thieves. The State was fully aware of these facts when it charged defendants with receiving stolen goods, and it could have prosecuted them for larceny had it chosen to do so. Once it had charged them with receiving those goods from another person, however, and the court had accepted their pleas of guilty, the State was estopped from prosecuting the defendants for breaking and entering with intent to steal those goods when its case depended on an inference that they were the thieves. The State had already accepted as true the ultimate fact that defendants received the stolen goods from another person. It should be bound by that choice. As we emphasized in *State v. Cormier, supra* at 509, the doctrine of collateral estoppel should not be applied grudgingly. The State has sufficient resources to prepare its case thoroughly at the first trial, and considerations of individual rights of defendants and of public expense and energy demand that a matter should be finally put to rest at some point in time.

We cannot accept the Appellate Division's view that the defendants' contention of repugnancy fails because they estopped themselves from saying that they were the thieves of the stolen goods by formerly pleading guilty to receiving those goods. The defendants do not claim to be the thieves; rather, it is the State's case which rests on the inference that they were the thieves, *i. e.,* possession of the goods supports an inference that they were the thieves of the goods and therefore must have broken into the tavern with an intent to steal those goods. Moreover, although the defendants did plead guilty to receiving, it was the State which instituted that charge against them.

The present cases are unlike *State v. Currie,* 41 *N. J.* 531 (1964) because there no repugnancy existed between the convictions in municipal court and county court. Moreover, *Currie* dealt with a situation where there was a substantial disparity between the offenses charged and the defendant could not have expected a conviction for the lesser offense of reckless driving to preclude a prosecution for the greater offense of atrocious assault and battery. *Id.* at 539, 543; see also *State v. Shoopman,* 11 *N. J.* 333 (1953). In the present cases the offenses charged were both high misdemeanors and could be punishable "by a fine of not more than $2,000, or by imprisonment for not more than 7 years, or both." *N. J. S. A.* 2A:85–6. Thus the magistrate who heard the charges for receiving stolen goods had the power to sentence and fine the defendants up to the maximum statutory punishment. *In re Somers,* 43 *N. J. Super.* 234 (*Law Div.*), aff'd. *sub nom. State v. Somers,* 44 *N. J. Super.* 480 (*App. Div.* 1957).[3] This sentencing power is subject only to appellate review where the sentence is manifestly excessive, *State v. Bess,* 53

---

[3] Unfortunately, the present cases involve a failure of communication between the authorities of two counties. *Of. State v. States,* 44 *N. J.* 285, 293 (1965). Somerset County was concerned with the crimes of breaking and entering with intent to steal, and larceny. Morris County, where the defendants were apprehended, could be concerned only with the crime of receiving stolen goods on the hypothesis that the defendants were not the thieves. The record does

*N. J.* 10, 18 (1968). Of course, if there were evidence that a defendant fraudulently procured a conviction in an effort to bar future prosecution and avoid a greater sentence that might be imposed, he could not plead the former conviction as a bar. *Model Penal Code, supra,* § 1.11(2). There is no suggestion of that situation here.

We recognize that the defense of collateral estoppel was not raised in a pretrial motion in accordance with *R. R.* 3:5–5(b)(2) (now *R.* 3:10–2). In the circumstances here, however, the integrity of the courts demands that we resolve the matter of inconsistency of the convictions. *State v. Emery, supra* at 359. See also *State v. Currie, supra* at 535. *Cf. City of Newark v. Pulverman,* 12 *N. J.* 105, 108 (1953).

In view of what we have said above, it is unnecessary for us to consider defendants' contention that the search of their car and the consequent seizure of the stolen property violated their Fourth Amendment rights. Nevertheless, we note that the jug and bottle of whiskey were in plain view of the police and that the Appellate Division correctly held that there was no violation of those rights. *State v. DiRienzo,* 53 *N. J.* 360, 385 (1969).

For the reasons given, the decision of the Appellate Division is reversed and the matter is remanded to the County Court in order that the defendants' convictions for breaking and entering with intent to steal may be vacated.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For concurrence in result*—Justice JACOBS—1.

---

not explain why the charge of receiving was pressed in Morris County before Somerset County proceeded on its charges. Notwithstanding this administrative failure, we must accept the judgment in the municipal court for what it is: a conviction of a high misdemeanor with all the disabilities which ensue from a conviction of a crime. See discussion in *In re Buehrer et al.,* 50 *N. J.* 501, 516 (1967).