## STATE v. GARY E. BOUCHER.

176 N. W. (2d) 624.

April 10, 1970—No. 41840.

*James J. Boyd,* City Public Defender, and *Sy Doffing,* Assistant City Public Defender, for appellant.

*Robert E. O'Connell,* Corporation Counsel, *Daniel A. Klas,* First Assistant Corporation Counsel, and *Thomas Mooney,* Assistant Corporation Counsel, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of reckless driving entered January 28, 1969, in the municipal court of the city of St. Paul. The stipulated facts giving rise to the conviction are essentially as follows:

At about 3:15 a. m. on January 12, 1969, police officers of the village of Roseville observed defendant-appellant drive through a red light at the intersection of Highway No. 36 and Victoria Street in Roseville and proceed west on Highway No. 36 at a high rate of speed. The officers gave chase, calling for assistance at Highway No. 36 and Lexington Avenue because although they were then traveling at 90 miles per hour, defendant was pulling away. Defendant turned south on Snelling Avenue, ran a stop sign at County Road B, and turned west on County Road B with another squad car in pursuit by this time. At Cleveland Avenue defendant ran a stop sign and turned south on Cleveland in the village of Falcon Heights. He was then traveling at about 80 miles an hour. A Ramsey County sheriff's squad car, red lights and siren engaged, joined the chase at Larpenteur Avenue and Cleveland. Defendant ran a red light there and continued south on Cleveland, entering the city of St. Paul. The officers followed as defendant ran a flashing red light at Como Avenue and Cleveland, turned east on Kasota Avenue, then turned west on Como, and ran a stop sign at Eustis Street and Como and went through two more stop lights on Como. Defendant continued on to 15th Avenue S. E. in Minneapolis, where he turned south, ran a red light at 4th Street and 15th Avenue, ran another red light at 15th and University Avenue, and turned east on University. A University of Minnesota police squad car joined chase, making three

in pursuit at this time. Defendant proceeded east toward St. Paul at speeds up to 85 miles per hour, driving through four or five stop signs en route. Reentering St. Paul, he continued east to Prior Avenue, ran a red light and turned south on Prior, where St. Paul squad cars joined chase with lights and sirens on. Defendant ran a red light at Prior and Marshall Avenue, and turned west on Marshall. He abandoned his car on Marshall between Finn Street and Cretin Avenue, ran a short distance to the north, and was there arrested.

Defendant was issued citations for reckless driving by the municipalities of Roseville, St. Paul, and Minneapolis, as well as a citation by the municipality of Falcon Heights for failing to stop for a stop sign. On January 17, 1969, defendant appeared in municipal court in Roseville without counsel, pled guilty to the reckless driving charge, and was sentenced to a $100 fine or 10 days in the Ramsey County workhouse. He served the 10-day sentence. He was then arraigned before the St. Paul municipal court on January 27, 1969, where, with the aid of the St. Paul public defender, he entered a plea of not guilty and moved to dismiss the charges in light of Minn. St. 609.035. The court denied defendant's motion. Defendant waived his right to a jury trial, and the matter was submitted to the court on the stipulated facts. The court found defendant guilty of reckless driving and sentenced him to an additional 83 days in the Ramsey County workhouse, with sentence stayed pending this appeal. A subsequent prosecution against defendant in the Municipal Court of Hennepin County arising from the stipulated facts is also pending.

Defendant contends that his conviction in the Roseville municipal court constitutes a bar to prosecution procedures in the St. Paul municipal court on the ground that both prosecutions were based upon the facts as stipulated or some of those facts, and that said facts jointly constitute "a person's conduct" within the meaning of § 609.035. Section 609.035[1] reads as follows:

[1] See, State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813, wherein we held that Minn. St. 169.03 requires the uniform application throughout

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

The object of the statute and of our decisions interpreting it is to prevent serialized prosecutions and multiple punishment for conduct constituting a single behavioral incident where such conduct can be said to constitute more than one criminal offense.

In State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517, we expressed a test for the application of § 609.035 to ambiguous factual situations. The case involved a course of driving approximately 800 feet in length, for which defendant was charged with driving over the centerline and driving while under the influence of an alcoholic beverage. Defendant "entered no plea" to driving while under the influence and requested to be arraigned on the charge of driving over the centerline, to which he pled guilty, with sentencing delayed pending disposition of the charge of driving while under the influence. On petition for a writ of prohibition, sought on the basis of § 609.035 to prevent prosecution on the charge of driving while under the influence, we stated that "violations of two or more traffic statutes result from a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." 273 Minn. 405, 141 N. W. (2d) 525. We found the facts of the case to be well within the test as

---

this state of traffic regulations embodied in the Highway Traffic Regulation Act, Minn. St. c. 169. We stated in Hoben that when a municipality undertakes prosecution for violation of any of these regulations, it must afford the defendant all the protection of criminal procedure, including immunity from double punishment. The offense of reckless driving is defined in § 169.13. See, also, City of Bloomington v. Kossow, 269 Minn. 467, 131 N. W. (2d) 206.

stated, although we refused to enjoin the prosecution, holding that defendant by requesting a special kind of serialized prosecution had waived his protection against multiple prosecution but not his protection against multiple punishment.

In State v. Gladden, 274 Minn. 533, 144 N. W. (2d) 779, we applied the rule and reasoning of State v. Johnson, *supra*, to facts showing a course of driving approximately 8 blocks in length for which defendant was charged with careless driving and driving while under the influence of an alcoholic beverage. Defendant pled guilty to the former charge and, over his objection, was tried before a jury on the latter charge and found guilty. We held the defense procedure to be a request for a special kind of serialized prosecution, thus waiving the protection against multiple prosecution. Accordingly, we affirmed the two convictions but remanded for vacation of one sentence.

The case of State v. Reiland, 274 Minn. 121, 142 N. W. (2d) 635, again raised the question of whether an uninterrupted course of driving could give rise to two or more prosecutions and sentences under § 609.035. Defendant admitted striking an unidentified object during the drive in question, though he had not stopped at the scene, and it was established that he had struck and killed a young pedestrian. Defendant was first convicted of the misdemeanor of driving after revocation of his license, for which he served the sentence. Subsequently he was charged with the felony of criminal negligence. We held that the misdemeanor conviction would not bar the felony prosecution because the time and place of the conduct giving rise to the misdemeanor charge were broader in scope than that giving rise to the felony charge, and the state of mind or errors of judgment contemplated in the felony charge would not necessarily have anything in common with that established in the misdemeanor conviction. There were two separate and distinct behavioral incidents.

In light of the language of the statute and these prior decisions, we are compelled to hold that the conduct of defendant which commenced at Highway No. 36 and Victoria in Roseville

and terminated near the intersection of Marshall and Cretin in St. Paul constituted one behavioral incident. The reckless driving which occurred in each of the municipalities through which he traveled occurred at substantially the same time and place and arose out of a continuous and uninterrupted course of conduct on the part of defendant. It appears inescapable from the stipulation that he was driving continuously during this time at high and excessive rates of speed heedless of traffic control devices in a continuous intensive effort to evade the police officers who were pursuing him. We must infer from the stipulation that at no stage was there any interruption or surcease in the reckless operation of the vehicle. Defendant had but one state of mind, i. e., to avoid being arrested by the police officers who were pursuing him and whom he was attempting to elude. If we are to abide by the purpose and objectives of the statute and its meaning as defined by our earlier decisions, we must hold, although we might prefer otherwise, that defendant's conduct was one continuous indivisible course of action motivated by a unity of purpose constituting reckless driving within the meaning of § 169.13, subd. 1. Since he has been convicted and punished in a court of competent jurisdiction, the former prosecution bars the present prosecution.

The decisions of other courts support our disposition of this case. E. g., Huff v. Commonwealth (Ky.) 406 S. W. (2d) 831; State v. Francis, 67 N. J. Super. 377, 170 A. (2d) 476; State v. Vogel, 4 Conn. Cir. 102, 225 A. (2d) 831; State v. Willhite, 40 N. J. Super. 405, 123 A. (2d) 237; State v. Licari, 132 Conn. 220, 43 A. (2d) 450.

It could perhaps be argued that when conduct of the kind here involved offends an ordinance of a municipal corporation, the municipal corporation should be entitled to prosecute for the violation even though the accused has been convicted and sentenced for so much of the reckless driving as occurred in another municipal corporation. The immediate response to this argument is that in the instant case the prosecution in Roseville was for a

violation of state law and not for an ordinance violation. The same is true with respect to the charge which resulted in the judgment of conviction from which the appeal is taken. Beyond that, if violations of ordinances embodying a prohibition appearing in the Highway Traffic Regulation Act are to be subject to the same procedural requirements as violations of that act, as required in State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813, the problem becomes insuperable in this way: The behavioral incident could constitute one offense under state law and could constitute a number of separate offenses under municipal ordinances. Thus, the goal of uniform enforcement of the Highway Traffic Regulation Act throughout the state can be accomplished only if § 609.035 is interpreted to prevent multiple prosecution and multiple punishment for a single uninterrupted behavioral incident.

The judgment of conviction is reversed.