303 So.2d 126

**Issac SMITH**

v.

**CITY OF IRONDALE.**

**6 Div. 596.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

Rehearing Denied Feb. 12, 1974.

James W. May, Birmingham, for appellant.

Irvine C. Porter, Birmingham, for appellee.

CATES, Presiding Judge.

Breach of city ordinance against reckless driving: fine, fifty dollars.

I

In the Circuit Court on trial de novo, the parties submitted on a stipulation of facts. First, the court below took up a plea of former jeopardy. This plea was overruled. We hold this ruling to be error.

The basis for this claim was that Birmingham had already convicted appellant of speeding in that municipality. The Birmingham constabulary had, in hot pursuit, chased Smith into the contiguous City of Irondale. The Irondale police cited Smith while detained by the Birmingham officers —a silver platter arrest. Smith stipulated that his driving within Irondale on the occasion was indeed reckless.

He cites Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, arguing that Birmingham and Irondale are, under the Fourteenth Amendment, arms of the State. We agree.

This case was tried without a jury in the circuit court on a stipulation of facts which reads in pertinent part as follows:

"* * * that the police officers of the City of Birmingham were in close pursuit of the Defendant at the time said Defendant left the city limits of the City of Birmingham and entered the city limits of the City of Irondale; that the place where the Defendant was arrested on aforesaid occasion, namely, at or near 16th Street and Second Avenue, North, in the City of Irondale, was approximately three blocks easterly of the point where the westerly city limits of the City of Irondale abut the easterly city limits of the City of Birmingham; that after the Defendant entered the city limits of the City of Irondale, said Defendant did operate the motor vehicle, which he was then and there operating, in a reckless manner as charged by said City of Irondale; that the police officers of the City of Irondale did follow both the Defendant and the police officers of the City of Birmingham to the scene of Defendant's arrest at 16th Street and Second Avenue, North, in said City as aforesaid on December 27, 1071; that the prosecutions of the Defendant in the Recorder's Courts of the City of Birmingham and of the City of Irondale were prosecutions commenced by the respective municipalities for the violation of respective municipal ordinances separately and severally adopted by each of said municipalities; that the actions of the Defendant in operating the motor vehicle involved in this cause, prosecutions for which said actions instituted were as aforesaid in the respective Recorder's Courts of the respective municipalities, commenced in the City of Birmingham and continued into the City of Irondale, at rates of speed which exceeded the maximum limits prescribed by the ordinances of both municipalities involved."

The word "abut" as used in the foregoing stipulation we take to mean as indicating that the two municipalities, have, at the point of the crossing from Birmingham into Irondale, a common boundary formed by the two separate boundaries meeting on that particular line.

Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707, decided in 1969, overruled Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. The effect of Benton v. Maryland, supra, was that the double jeopardy prohibition of the Fifth Amendment was held to represent such a fundamental idea in the American constitutional heritage that it should apply to the states through the operation of the Fourteenth Amendment. In 1970 Waller v. Florida, supra, abolished the dual sovereignty concept of separation between a state and its municipal corporations so far as these entities had theretofore been at liberty to prosecute for the same offense as the parent state could prosecute. The Supreme Court analogized from Grafton v.

United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084.

Thus, in Alabama we must now set aside cases such as City of Mobile v. Allaire, 14 Ala. 400; Englehardt v. State, 88 Ala. 100, 7 So. 154; Harris v. State, 128 Ala. 41, 29 So. 581; Black v. State, 144 Ala. 92, 40 So. 611; Bell v. State, 200 Ala. 364, 76 So. 1; Howell v. City of Fort Payne, 246 Ala. 315, 20 So.2d 880; Pike v. City of Birmingham, 36 Ala.App. 53, 53 So.2d 394, and Inman v. State, 39 Ala.App. 496, 104 So.2d 448; Shields v. State, 39 Ala.App. 57, 94 So.2d 226.

It would be tautological to say that in Alabama the power of a municipality is derived from the sovereign state which in turn derives its constitutional powers through popular sovereignty. Thus, in essence there is but a single sovereign in Alabama, that is, the state as defined in its constitution.

■ By this token, the two municipalities, Irondale and Birmingham, are but two arms of the same body. Therefore, the same act which is an offense against one is an offense against the other, i. e., but a single offense (against Alabama) under the reasoning of Waller v. Florida, supra. It matters not whether the test is based on the same act, the same evidence, or the same transaction.[1] See English, Note, Criminal Justice: Double Jeopardy—Abolition of the Dual Sovereignty Theory of City-State Prosecutions, 31 La.Law Rev. 540 at 542. In this case the three tests coalesce in but one single piece of evidence, that is, that Smith driving at a high rate of speed in Birmingham crossed into Irondale on the same journey. State v. Boucher, 286 Minn. 475, 176 N.W.2d 624; Huff v. Commonwealth (Ky.), 406 S.W.2d 831.

The principle here enunciated is against the salami slicing technique of making one act into a whole congeries of alleged offenses. "Serialization of prosecutions" is the expression used by the Minnesota court in Boucher, supra.

In Baldwin v. State, 47 Ala.App. 136, 251 So.2d 633 we said, per Almon, J.:

"A single crime cannot be split up, or divided, into two or more offenses. Hurst v. State, 86 Ala. 604, 6 So. 120. Neither can a series of charges be based upon the same act. Gunter v. State, 111 Ala. 23, 20 So. 632; Clayborne v. State, 103 Ala. 53, 15 So. 842; Crosswhite v. State, 31 Ala.App. 181, 13 So.2d 693."

The semantic and conceptual problem of defining and delimiting former jeopardy arises in question form with confusing answers. Thus, in Brown v. State, 30 Ala. App. 27, 200 So. 630, the court formulated "facts necessary to convict on the second prosecution would necessarily have convicted on the first * * *." See also Schaefer, Unresolved Issues in the Law of Double Jeopardy, 58 Cal.Law Rev. 391.

We view this as but one offense within the meaning of Waller v. Florida, supra. Waller essentially ends dual sovereignty between parent state and municipal offspring. Here we apply Waller to sibling rivalry.

■ There may be other occasions where reckless driving and speeding can be dissected and described as discrete acts and hence different offenses. In such cases, the instant precedent would not apply. Nor would it avail a defendant who fraudulently brings on one conviction in an attempt to forestall another. Double jeopardy must be pled in good faith. Model Penal Code (1962) § 1.11(2).

In consideration of the foregoing it is necessary to reverse the conviction sub judice. In view of the stipulation we cannot see how any other or different evidence can be adduced on a second trial. Therefore, the judgment below is due to be not only reversed but one rendered here dis-

---

1. State v. Bell, 55 N.J. 239, 260 A.2d 849; State v. Currie, 41 N.J. 531, 197 A.2d 678.

charging the defendant from the charges against him arising out of this act sine die.

Reversed and rendered.

ALMON, TYSON and DeCARLO, JJ., concur.

HARRIS, J., concurs in the result.

### ON REHEARING

Appellee's counsel in his brief accompanying the application for rehearing suggests that the facts as stipulated take this case out from the influence of Waller v. Florida, supra.

We are not confident that State v. Parrish, 242 Ala. 7, 5 So.2d 828 is still the law as to the degree of scrutiny which will or will not be employed by the Supreme Court of Alabama in examining a record of this Court where a Federal constitutional question has been presented to us. See Hanvey v. Thompson, 286 Ala. 614, 243 So.2d 748.

Rather than risk shutting off appellee's potential rights to presenting its cause to our ultimate tribunal, we set out the stipulation in toto:

"That the acts of the Defendant complained of by the Plaintiff in Count I and Count II of the complaint took place and occurred within Twelve (12) months before the commencement of the prosecution of the Defendant by the Plaintiff in the Recorder's Court of the City of Irondale and occurred within the city limits of the City of Irondale or its police jurisdiction on, to-wit, the 27th day of December, 1971; that on said date, the Defendant was arrested within the city limits of the City of Irondale by police officers of the City of Birmingham at or near 16th Street and Second Avenue, North, in said City and charged by said officers with operating a motor vehicle in the City of Birmingham without a State driver's license; that on, to-wit, December 28, 1971, the City of Birmingham further charged said Defendant with reckless driving of a motor vehicle within the city limits of the City of Birmingham on December 27, 1971; that on January 19, 1972, upon the trial of said Defendant, in the Recorder's Court of the City of Birmingham, the City of Birmingham dismissed the prosecution of the charge of operating a motor vehicle in said City without a State driver's license; that, thereupon, the Defendant entered a plea of guilty to a charge of speeding in Case No. 44888–M in said Recorder's Court and, after being found guilty of the offense of speeding by said Recorder's Court of said City, was fined the sum of Thirty-Five Dollars ($35.00) and costs of court; that on or about December 28, 1971, pursuant to a warrant of arrest issued out of the Recorder's Court of the City of Irondale, the Defendant was arrested and charged with the offense of reckless driving of a motor vehicle in the City of Irondale, or its police jurisdiction, on, to-wit, December 27, 1971; that the Defendant duly made bond following said arrest and aforesaid charge of reckless driving was set for trial in said Recorder's Court on January 7, 1972; that said trial was continued first to January 14, 1972 and then to January 21, 1972 at the request of the Defendant; that on, to-wit, January 21, 1972, the Defendant was tried in said Recorder's Court of the City of Irondale, found guilty of the charge of reckless driving of a motor vehicle in violation of Section 4 of Ordinance 52 of the City of Irondale and fined the sum of $50.00 and costs by said Recorder's Court; that the Defendant, within the time allowed by law, duly and seasonably took an appeal from aforesaid judgment and fine to the Circuit Court of Jefferson County, Alabama; that the City of Birmingham and the City of Irondale are two separate and distinct municipal corporations organizing and existing under the laws of the State of Alabama; that the city limits of each of said municipal corporations are contiguous at one or more places; that each municipality, prior to

the apprehension, arrest and conviction of the Defendant as aforesaid in the respective Recorder's Courts thereof, had duly adopted separate and distinct ordinances against the operation of motor vehicles within their respective city limits in a reckless manner and at excessive rates of speed; that the police officers of the City of Birmingham were in close pursuit of the Defendant at the time said Defendant left the city limits of the City of Birmingham and entered the city limits of the City of Irondale; that the place where the Defendant was arrested on aforesaid occasion, namely, at or near 16th Street and Second Avenue, North, in the City of Irondale, was approximately three blocks easterly of the point where the westerly city limits of the City of Irondale abut the easterly city limits of the City of Birmingham; that after the Defendant entered the city limits of the City of Irondale, said Defendant did operate the motor vehicle, which he was then and there operating, in a reckless manner as charged by said City of Irondale; that the police officers of the City of Irondale did follow both the Defendant and the police officers of the City of Birmingham to the scene of Defendant's arrest at 16th Street and Second Avenue, North, in said City as aforesaid on December 27, 1971; that the prosecutions of the Defendant in the Recorder's Courts of the City of Birmingham and of the City of Irondale were prosecutions commenced by the respective municipalities for the violation of respective municipal ordinances separately and severally adopted by each of said municipalities; that the actions of the Defendant in operating the motor vehicle involved in this cause, prosecutions for which said actions were instituted as aforesaid in the respective Recorder's Courts of the respective municipalities, commenced in the City of Birmingham and continued into the City of Irondale, at rates of speed which exceeded the maximum limits prescribed by the ordinance of both municipalities involved."

After a consideration of the application and accompanying brief we consider that the application should be overruled.

Application overruled.

All the Judges concur.