303 So.2d 130

**In re Issac SMITH**

v.

**CITY OF IRONDALE.**

**Ex parte CITY OF IRONDALE.**

**SC 727.**

Supreme Court of Alabama.

Sept. 19, 1974.

Irvine C. Porter, Birmingham, for petitioner.

James W. May, Birmingham, for respondent.

Drayton N. Hamilton, Montgomery, amicus curiae for Ala. League of Municipalities.

McCALL, Justice.

This case comes to us on a petition by the City of Irondale for a writ of certiorari to the Court of Criminal Appeals which reversed a reckless driving conviction had in the Circuit Court of Jefferson County. The defendant was convicted of speeding in the City of Birmingham and of reckless driving in the City of Irondale. The appellate court held that overruling a plea of former jeopardy was in error and reversed the circuit court. We do not agree.

The facts as set forth in the opinion of the appellate court, 53 Ala.App. 628, 303 So.2d 126 are in part as follows:

" * * * after the Defendant entered the city limits of the City of Irondale, said Defendant did operate the motor vehicle, which he was then and there operating, in a reckless manner as charged by said City of Irondale; that the police officers of the City of Irondale did follow both the Defendant and the police officers of the City of Birmingham to the scene of Defendant's arrest at 16th Street and Second Avenue, North, in said City [Irondale] as aforesaid on December 27, 1971; that the prosecutions of the Defendant in the Recorder's Courts of the City of Birmingham and of the City of Irondale were prosecutions commenced by the respective municipalities for the violation of respective municipal ordinances separately and severally adopted by each of said municipalities * * *"

The defendant, Smith, cites Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L. Ed.2d 435, arguing that Birmingham and Irondale are, under the Fourteenth Amendment, arms of the State. The Court of Criminal Appeals says: " * * * [T]he two municipalities, Irondale and Birmingham, are but two arms of the same body. Therefore, the same act which is an offense against one is an offense against the other, i. e., but a single offense (against Alabama) under the reasoning of Waller v. Florida, supra. It matters not whether the test is based on the same act, the same evidence, or the same transaction. * * *"

In Waller v. Florida, supra, the defendant was prosecuted and convicted by the city for (1) destruction of property and (2) disorderly breach of peace. Thereafter, Florida charged him with grand larceny based on the same acts. The defendant asserted his former conviction and pled double jeopardy in the Florida case. The Supreme Court of the United States said that:

"We decide only that the Florida courts were in error to the extent of holding that—

" 'even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.' "

Thus, Waller, supra, essentially ends the dual sovereignty concept of separation between a state and its municipal corpora-

tions, which permitted each to prosecute separately the same offense based on the same acts.

But here we have respective prosecutions by the City of Birmingham and by the City of Irondale which were not based on the same act and were not proceedings commenced for the violation of the same rule or regulation. The defendant, Smith, could never be guilty of a charge of reckless driving in Irondale for any act he may have committed within the corporate limits of the City of Birmingham. Conversely, any act the defendant may have done in Irondale could not subject him to punishment under the ordinances of the City of Birmingham. The defendant pled guilty to a charge of speeding in the Recorder's Court of the City of Birmingham and was found guilty of the charge of reckless driving in the Irondale Recorder's Court. These are two separate and distinct acts and the doctrine of *Waller* does not apply to the facts stipulated in this case.

The conviction of the defendant by the City of Irondale for reckless driving is affirmed and the decision of the Court of Criminal Appeals is reversed and the cause remanded.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

HEFLIN, C. J., and FAULKNER and JONES, JJ., dissent.

HEFLIN, Chief Justice (dissenting):

Since the City of Birmingham and the City of Irondale are arms of one sovereignty (the State of Alabama), it is my opinion that the opinion of the Court of Criminal Appeals should be affirmed under Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, because the stipulation provides that the actions of the defendant for which he was prosecuted in the respective Recorder's courts of the respective municipalities commenced in the City of Birmingham and continued into the City of Irondale at rates of speed which exceeded the maximum limits prescribed by the ordinances of both municipalities.

FAULKNER and JONES, JJ., concur in the foregoing dissent.