**STATE of Minnesota, Respondent,**

v.

**Daniel Robert WURST, Appellant.**

**No. C7–83–2018.**

Court of Appeals of Minnesota.

July 3, 1984.

Patrick J. Costello, Red Wing, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Jerome A. Schreiber, Wabasha County Atty., Lake City, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal challenging a misdemeanor conviction for fleeing a police officer, Minn.Stat. § 609.487, subd. 3 (1982). Appellant contends his guilty plea to reckless driving bars prosecution for fleeing a police officer because of the prohibition against serialized prosecution of multiple offenses arising from a single behavioral incident. We disagree and affirm.

## FACTS

On December 5, 1982, at approximately 7:00 p.m., officers Robert Blattner and Scott Wendt of the Lake City Police Department spotted appellant's car being driven without headlights. The officers turned on their siren and chased appellant. Appellant evaded the officers, but spun on the slippery road conditions and landed in a boulevard. The officers left their car, approached appellant's car, but as they got his door open, appellant's car regained traction and took off. The officers noted the license number, gave up their pursuit and returned to the police station.

Later that evening Officer Robert Schmidt, who had just returned from a funeral, came to the police station to do some paper work. He was told about the chase that had occurred about one hour earlier. Officer Schmidt left the station at about 8:00 p.m. in his private car. While driving to a store, he saw appellant's car make a sliding U-turn. He temporarily lost sight of appellant, but then observed appellant make a wide turn at high speed. Appellant was headed in Schmidt's direction and forced the officer's car to the side of the road to avoid a collision. Officer Schmidt pursued and subsequently arrested appellant.

Appellant pleaded guilty to reckless driving. His motion to dismiss the prosecution for fleeing a police officer was denied by the trial court and a jury later convicted him of that offense.

## ISSUE

■ Did appellant's activities constitute one course of conduct which precluded his prosecution for fleeing a police officer once he pleaded guilty to reckless driving?

## ANALYSIS

Minn.Stat. § 609.035 (1982) provides, in part:

[I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

In determining whether the violation of traffic offenses involve the same behavioral incident we must examine whether the offenses " '[arose] out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment.' " *State v. Banks,* 331 N.W.2d 491, 493 (Minn.1983) (quoting *State v. Sailor,* 257 N.W.2d 349, 352 (Minn.1977)). The presence or absence of a single behavioral incident depends on the facts and circumstances of each case. *State v. Reiland,* 274 Minn. 121, 123, 142 N.W.2d 635, 637 (1966).

■ Here, the reckless driving occurred more than an hour after appellant fled from officers Blattner and Wendt. Appellant's fleeing had long since ended and was interrupted by his successful evasion. The reckless driving was observed by Officer Schmidt, who was not involved in the earlier chase. Officer Schmidt was in his private car. There is no reason to believe appellant was even aware a police officer observed him driving recklessly; there is nothing to suggest the reckless driving was for the purpose of avoiding apprehension. These incidents were clearly separate and independent offenses, not part of one single behavioral incident. *See State v. Gilbertson,* 323 N.W.2d 810, 812 (Minn. 1982) (reckless driving from Superior, Wisconsin to Duluth, Minnesota done to avoid apprehension by police in pursuit of defendant); *State v. Zuehlke,* 320 N.W.2d 79, 82 (Minn.1982) (reckless driving was part of the same behavioral incident as the offense of unauthorized use where both violations occurred during a continuous and uninterrupted course of driving and the defendant drove recklessly to avoid apprehension for the other charge); *State v. Boucher,* 286 Minn. 475, 479–80, 176 N.W.2d 624, 627 (1970) (high speed chase from Roseville to Minneapolis to St. Paul one behavioral incident; defendant's stipulated purpose an attempt to evade pursuing officers).

## DECISION

Appellant's prosecution did not violate the single behavioral incident prohibition of Minn.Stat. § 609.035, and his conviction for fleeing a police officer is affirmed.

Affirmed.