125 N.J. Super. 457 (1973)
311 A.2d 399
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES KRELL, JR., STEVEN L. ABLEMAN, STEVEN I. LIEBERMAN, PETER AXELROD, HARRIS D. LESAVOY, PAUL I. CHALEFT AND STEPHEN H. MILLER, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided November 1, 1973.
*458 Mr. John J. Pribish, Assistant Prosecutor for the State (Mr. John S. Kuhlthau, Middlesex County, Prosecutor, attorney).
Mr. Stephen N. Dermer for defendant Ableman (Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher, attorneys).
Mr. Barry D. Maurer for defendant LeSavoy (Messrs. Maurer & Maurer, attorneys).
Mr. James B. Brown, Jr. for defendant Miller (Mr. Alex Eber, Deputy Public Defender, attorney).
STROUMTSOS, J.S.C.
This is a motion brought by defendants Steven L. Ableman, Harris D. LeSavoy and *459 Stephen H. Miller to dismiss Indictment No. 498-72 returned by the Middlesex County grand jury, charging them in four counts with violations of the Controlled Dangerous Substance Act, N.J.S.A. 24:21-1 et seq. (hereinafter the "act").
They contend that N.J.S.A. 24:21-25 bars their prosecution in New Jersey by reason of the disposition in the United States District Court for the Southern District of New York of federal Indictment No. 73 CR 297.
It is stipulated that both indictments resulted from the same federal narcotics investigation; that the substance seized in New Jersey was 50 pounds of hashish, and that it was part of the same substance for which defendants were charged in the federal indictment.
The federal indictment is in two counts. The first charges defendants with a conspiracy to violate sections 812, 841(a) (1) and 841(b) (1) (B) of Title 21, United States Code. It alleges that as part of that conspiracy defendants "unlawfully, intentionally and knowingly would distribute and possess with intent to distribute Schedule I Controlled Substances." It further alleges certain overt acts committed by them in the Southern District of New York in furtherance of the conspiracy, one of which alleged that, on or about November 11, 1972, they did possess with intent to distribute approximately 1,500 pounds of what is admitted to be hashish.
The second count alleges that defendants, in the Southern District of New York, did unlawfully possess with intent to distribute approximately 1,099 pounds of hashish.
The New Jersey indictment is in four counts. The first alleges that between September 1, 1972 and November 12, 1972, both inclusive, in the Township of Piscataway, defendants did unlawfully possess hashish, a controlled dangerous substance, contrary to N.J.S.A. 24:21-20, subd. a; the second count charges defendants with unlawfully possessing that hashish with intent to distribute; the third count charges them with having unlawfully distributed that *460 hashish to Gerry Hochman, in violation of N.J.S.A. 24: 21-19(a)(1), and the fourth count alleges a conspiracy to distribute that hashish, and sets forth as an overt act that defendants arranged for and in fact distributed 50 pounds of hashish to Gerry Hochman, a federal undercover agent.
On April 9, 1973 defendant Ableman pleaded guilty to both counts of federal Indictment 73 CR 297. He admitted to participation in the conspiracy, having actual possession of 50 pounds of hashish and constructive possession of the balance. Defendant LeSavoy was found guilty by a jury of both counts of the indictment, and defendant Miller was found guilty by the jury of the first count (conspiracy), and was acquitted of the second count (unlawful possession with intent to distribute the hashish).
Defendants urge that section 25 of the act bars their prosecution on the New Jersey indictment because the offenses alleged therein occurred in the same period and involved the same hashish for which they were charged, convicted or acquitted in the Federal District Court.
Section 25 provides:
Any penalty imposed for violation of this act shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law. In any case where a violation of this act is a violation of a Federal law or the law of another state, the conviction or acquittal under Federal law or the law of another state for the same act is a bar to prosecution in this State.
There are no reported decisions interpreting this section.
The State concedes that section 25 bars prosecuting defendants for the acts alleged in the first count (unlawful possession), the second count (unlawful possession with intent to distribute), and the fourth count (conspiracy to distribute), of the indictment. I agree.
On the other hand, the State contends that the third count, charging defendants with distributing the hashish in Piscataway, should not be dismissed because this occurred outside the territorial jurisdiction of the Federal District *461 Court for the Southern District of New York, and, therefore, defendants could not be and were not there indicted, tried, convicted or acquitted of that act.
Defendants argue, however, that section 25 also bars prosecution of the distribution charge. They contend that it was the intent of the Legislature, in enacting that section, to extend the constitutional protection against double jeopardy (N.J. Const. (1947) Art. 1, par. 11), to the area of narcotics prosecution by different sovereignties. Defendants, therefore, say that they should not again be prosecuted since the distribution charge involves the same hashish for which they were charged, convicted or acquitted in the federal court.
The act does not suggest such legislative intent. If that were intended, the Legislature would have said so in more explicit terms.
There are no constitutional grounds barring this State from prosecuting an accused for an offense committed in this State following a federal conviction of virtually the same offense arising out of the same set of facts, State v. Cooper, 54 N.J. 330 (1969), cert. den., 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970), and Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Accordingly, we need refer only to the act to ascertain the meaning of the "same act" in section 25.
The four sections preceding section 25, under captions reading "Prohibited Acts," expressly set forth what acts are unlawful. N.J.S.A. 24:21-19 prohibits any person from manufacturing, distributing or dispensing, or possessing or having under his control with intent to manufacture, distribute or dispense a controlled dangerous substance; N.J.S.A. 24:21-20 provides against the acts of possession, use or being under the influence of a controlled dangerous substance, and N.J.S.A. 24:21-21 and 22 enumerate the prohibited acts by persons who are registered under the act to manufacture, distribute and dispense controlled drugs.
*462 Since, therefore, the act expressly sets forth the acts which are unlawful, it follows that what is meant by the "same act" specified in section 25 is any act expressly prohibited by the preceding section 19 through 22.
Defendants were convicted in the Federal District Court for conspiracy to distribute hashish, and (except defendant Miller) for unlawfully possessing with intent to distribute that substance. The federal statute under which defendants were indicted, 21 U.S.C.A. 841(a), like N.J.S.A. 24: 21-19, provides as a separate unlawful act, distribution of controlled drugs. Defendants were not charged, tried, convicted or acquitted in the New York trial for distributing the hashish to the federal undercover agent in New Jersey. They concede that the transfer took place outside the territorial jurisdiction of the Southern District of New York, and accordingly could not there be charged or tried for that offense. New Jersey has an interest in prosecuting these defendants for the offense committed in this State for which they were not punished elsewhere. The Legislature did not intend that section 25 deprive the State of such right.
Defendants finally argue that the distribution of hashish in New Jersey was introduced into evidence by the Government in the federal trial, and for this reason this State should be barred from proceeding on that charge.
This is without merit. Clearly, section 25 refers only to a "conviction or acquittal" for the "same act," and not to evidentiary matters.
Accordingly, defendants' motion to dismiss the first, second and fourth counts of Indictment No. 489-72 is granted, but their motion to dismiss the third count is denied.
Submit order.