134 N.J. Super. 517 (1975)
342 A.2d 228
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEVEN ABLEMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1974.
Decided June 10, 1975.
*518 Before Judges COLLESTER, LORA and HANDLER.
Mr. Steven H. Gifis argued the cause for appellant.
Mr. Solomon Rosengarten, Deputy Attorney General argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
On April 9, 1973 defendant pleaded guilty to a federal indictment which charged him and seven others with conspiracy to distribute a Schedule I controlled dangerous substance (hashish), in violation of federal law, and with possession with intent to distribute hashish. Defendant was sentenced as a young adult offender to five years' probation on each count to run concurrently with each other.
*519 Defendant and several codefendants were indicted by the Middlesex County grand jury in a fourcount indictment. Count I charged defendant with unlawful possession of a controlled dangerous substance, to wit, hashish, in violation of N.J.S.A. 24:21-20, subd. a(3). Count II charged him with unlawful possession of the same substance with intent to distribute, in violation of N.J.S.A. 24:21-19, subd. a(1). Count III alleged unlawful distribution of the same substance, in violation of N.J.S.A. 24:21-19, subd. a(1). Count IV charged conspiracy to distribute a controlled dangerous substance and alleged that defendant arranged for the distribution of and distributed 50 pounds of hashish to Jerry Hochman, a federal undercover agent, contrary to the provisions of N.J.S.A. 2A:98-1 and N.J.S.A. 2A:98-2.
On October 19, 1973 defendant moved to dismiss the indictment on the ground that the state prosecution was barred by N.J.S.A. 24:21-25, which provides in part:
In any case where a violation of this act [Uniform Drug Act] is a violation of a Federal law or the law of any state, the conviction or acquittal under Federal law or the law of another state for the same act is a bar to prosecution in this State.
Defendant argued that his conviction in the United States District Court for the Southern District of New York, for conspiracy to distribute and to possess with intent to distribute hashish, and for possession with intent to distribute hashish, barred prosecution in New Jersey under the fourcount indictment. The trial judge ruled that the statute barred counts I, II and IV of the Middlesex County Indictment, but that count III, relating to the charge of distribution, was not barred by the provisions of N.J.S.A. 24: 21-25. The parties stipulated the essential facts and, based upon that stipulation, defendant was found guilty of distribution.
We are in accord with the decision of Judge Stroumtsos, which is reported in State v. Krell, 125 N.J. Super. 457 (Law Div. 1973), that N.J.S.A. 24:21-25 does not bar *520 defendant's prosecution and conviction for the crime of distribution of a controlled dangerous substance. Defendant was not charged under federal law for the act of distribution and hence the federal convictions are not a barrier under the statute against the New Jersey prosecution. As pointed out by the trial judge, the term "same act", as used in § 25 of the Uniform Narcotic Drug Act, refers generally to the acts expressly prohibited by the four statutory sections preceding § 25. Since defendant had not been charged, tried, convicted or acquitted in federal court for distribution of hashish in New Jersey, an act specifically prohibited by N.J.S.A. 24:21-19, the trial judge ruled correctly that § 25 did not deprive the State of its right to prosecute defendants for distribution in New Jersey.
Defendant also argues that double jeopardy standards are implicit under N.J.S.A. 24:21-25, and on the grounds of double jeopardy the State is precluded from bringing a prosecution for possession with intent to distribute the same, or a portion of the same, controlled dangerous substance which was the subject of the federal convictions.
Under any, or all, of the tests utilized by our courts for determining the pertinency of double jeopardy, the subsequent prosecution of this defendant for distribution of hashish in New Jersey would not be barred by the prior federal conviction of possession with intent to distribute. According to the stipulated facts, defendant sold or distributed 50 pounds of hashish in New Jersey; he had picked up this hashish in New York, and it was a part of a much larger supply, approximately 500 pounds, which defendant and some of the other codefendants had agreed to obtain or "pick up" in New York City from still other codefendants. These circumstances and this sequence of events do not demonstrate that the respective offenses of possession with intent to distribute and distribution would merge or otherwise result in mutually exclusive prosecutions under double jeopardy standards. Cf. State v. Gregory, 66 N.J. 510 *521 (1975); compare also, State v. Ruiz, 127 N.J. Super. 350 (App. Div. 1974), aff'd 67 N.J. ___ (1975); State v. Williams, 129 N.J. Super. 84, 87 (App. Div. 1974), rev'd 67 N.J. ___ (1975).
Defendant claims that, even apart from N.J.S.A. 24:21-25 and principles of double jeopardy, fundamental fairness bars his prosecution in New Jersey following federal prosecution for violations stemming from the same criminal transaction. Defendant's argument is predicated on constitutional grounds. It was said in State v. Currie, 41 N.J. 531, 536 (1964), that the value of the constitutional safeguard against double jeopardy is that "It justly assures that the State with its great resources will not be permitted to harass and oppress the individual by multiple prosecution or punishment for the same offense." Accord, Green v. U.S., 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
Here, the two prosecutions did not involve the same offense. Moreover, the prosecution for the possession counts was brought in the New York Federal District Court. No charge was brought with respect to distribution as such. It is by no means clear that a prosecution for the distribution of the hashish in New Jersey, if regarded as a distinct criminal act in addition to those which occurred in New York involving conspiracy and possession, could have been properly brought in the New York Federal District Court. Cf. United States v. Malfi, 264 F.2d 147, 152 (3 Cir.1959). Thus, it cannot be said that the State is harassing defendant or fomenting a multiplicity of suits by maintaining an independent state court prosecution for distribution. Moreover, apart from constitutional considerations, under the more flexible and liberal judicial administrative standards of procedural fairness, it cannot be said that the state prosecution for distribution was unreasonably or improperly pursued. State v. Gregory, supra, is clearly distinguishable.
*522 A final contention is that the sentence to a term of three months in the Middlesex County Workhouse is manifestly excessive. We are satisfied that it is not.
Affirmed.