187 N.J. Super. 625 (1982)
455 A.2d 595
STATE OF NEW JERSEY, PLAINTIFF,
v.
WANDA SESSOMS, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided July 19, 1982.
*627 Robert J. Candido, Assistant Prosecutor, for the State (George L. Schneider, Essex County Prosecutor, attorney).
F. Michael Giles, for defendant.
VILLANUEVA, J.S.C.
This case involves the question whether a section of the new Code of Criminal Justice, N.J.S.A. 2C:1-11, prohibits state prosecution for a conspiracy and for substantive offenses when a defendant has been prosecuted in the federal court for earlier acts of that conspiracy. This court concludes that this statute is a bar to prosecution of the conspiracy count but not to those counts charging substantive offenses.
On September 2, 1981 a complaint (Magistrate Docket No. 81-0224B-04) was filed in the United States District Court for the District of New Jersey charging Wanda Sessoms and three *628 other persons with violations of 18 U.S.C.A. §§ 2 and 1708. The complaint was signed by the U.S. Postal Inspector. The particulars of the complaint alleged the following facts:
1. On or about September 1, 1981 a quantity of Essex County welfare checks were placed in the U.S. mail, which were undeliverable at the addresses specified and had not been returned to the sender, Essex County Department of Citizens Services, Division of Welfare;
2. According to the statement of Ms. Sessoms, defendant Omar Khayyam had on September 1, 1981 given her and the two other defendants a number of checks which they cashed, and that she had received $100 from Khayyam for cashing them;
3. On September 2, 1981 Ms. Sessoms had in her possession two checks, including an Essex County welfare check, and "an identification card in the name of Thelma Joans";
4. On or about September 2, 1981, 23 Essex County welfare checks in envelopes marked with a postage meter date of August 31, 1981 were found in the automobile in which defendants were arrested.
A letter dated September 14, 1981, from Robert S. Steinbaum, Assistant U.S. Attorney, to Peter V. Ryan, Assistant Federal Public Defender, set forth the terms of a "plea agreement" between Ms. Sessoms and the United States Attorney for the District of New Jersey whereby the United States agreed to accept a guilty plea "to a one-count superseding complaint charging a violation of conspiracy to unlawfully open mail in violation of 18 U.S.C. § 371." Ms. Sessoms accepted the plea agreement and agreed to cooperate with the United States Attorney, by disclosing to that office all that she knew about the crimes charged, and to testify before a federal grand jury.
After a superseding complaint was filed in accordance with the agreement, Ms. Sessoms pleaded guilty to the conspiracy charge and was sentenced by a United States Magistrate. An order for dismissal regarding the original charges was entered on December 31, 1981, by leave of court, "with prejudice so long *629 as the plea and sentence on superseding complaint remain in full force and effect."
About three months later an Essex County grand jury returned an indictment charging Ms. Sessoms and 11 others with conspiracy to commit forgery, attempted theft by deception, official misconduct in office, compounding and theft, in violation of N.J.S.A. 2C:5-2. She was also charged with the substantive crimes of forgery, in violation of N.J.S.A. 2C:21-1 a, and attempted theft by deception, in violation of N.J.S.A. 2C:5-1 and 20-4.
This motion for dismissal is based primarily upon N.J.S.A. 2C:1-11, a statutory prohibition against state prosecutions in certain cases which have been formerly prosecuted in federal court. Defendant also urges that the protections afforded by N.J.S.A. 2C:1-11 were in existence prior to the enactment of the Code of Criminal Justice. In support of this position defendant cites Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); State v. Ableman, 72 N.J. 145 (1977) and 33 N.J. Practice (Miller, Criminal Law), § 10 at 24 (1982).
The federal cases relied upon to support this proposition are not dispositive. Abbate v. United States, supra, held that a federal prosecution was not barred by the Double Jeopardy Clause of the Fifth Amendment where defendant had previously been acquitted in a state court on charges based upon identical facts. This decision was based upon a "dual sovereign" doctrine which, in essence, holds that conduct which violates both federal and state laws does not constitute a "same offense" as contemplated by the Fifth Amendment.
The same doctrine was followed by the court in the companion case of Bartkus v. Illinois, supra, although this decision was founded upon an interpretation of the Due Process Clause of the Fourteenth Amendment rather than the Double Jeopardy Clause. In Bartkus the court upheld a state court conviction on robbery charges of a defendant who had been previously acquitted *630 on federal bank robbery charges based upon the same facts. While the protection against double jeopardy contained in the Fifth Amendment has been extended to state prosecutions since the Bartkus decision, see Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), federal courts have consistently ruled that successive state and federal prosecutions for the same criminal act are not barred by constitutional considerations. See, e.g., United States v. Grimes, 641 F.2d 96 (3 Cir.1981); United States v. Braunstein, 474 F. Supp. 1 (D.N.J. 1978). Based upon the foregoing, there exists no bar to the present prosecution based upon federal constitutional guarantees.
This interpretation of the Fifth Amendment was embraced by the Supreme Court of New Jersey in State v. Cooper, 54 N.J. 330 (1969). Defendants in Cooper had pleaded guilty to federal bank robbery charges and were subsequently indicted in state court for substantially the same charges. The court upheld the sentences imposed on the state charges, refuting the contentions of defendants that either the United States Constitution or the New Jersey Constitution (N.J. Const. (1947), Art. I, par. 11) barred the state prosecution. Thus there exists no proscription against the present prosecution on state constitutional grounds.
The case of State v. Ableman, supra, provides no support for defendant's argument. Defendant in Ableman had been convicted in federal court of conspiracy to distribute hashish and possession with intent to distribute hashish; subsequently he was indicted in state court on four counts: unlawful possession of hashish, unlawful possession with intent to distribute, unlawful distribution and conspiracy to distribute. Upon defendant's motion the trial judge dismissed all of the counts except one charging him with distribution. State v. Krell, 125 N.J. Super. 457 (Law Div. 1973). The basis of the dismissal of the three counts was not constitutional protection against double jeopardy, but a specific provision of the New Jersey Controlled Dangerous Substances Act, which reads in pertinent part:
In any case where a violation of this act is a violation of a Federal law or the law of another state, the conviction or acquittal under Federal law or the law of *631 another state for the same act is a bar to prosecution in this State. [N.J.S.A. 24:21-25].
The Appellate Division affirmed the ruling of the trial court which dismissed three counts of the indictment, but refused to go beyond N.J.S.A. 24:21-25 and dismiss the remaining count on the basis of double jeopardy or principle of fundamental fairness. State v. Ableman, 134 N.J. Super. 517, 521 (App.Div. 1975). The Supreme Court upheld the decision of the Appellate Division. State v. Ableman, 72 N.J. 145 (1977).
Therefore, prior to the enactment of N.J.S.A. 2C:1-11 there existed no bar  statutory or constitutional  to the present prosecution. This motion for dismissal, therefore, rests solely upon this relatively new and untried provision of our Code of Criminal Justice.
N.J.S.A. 2C:1-11 reads as follows:
When conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States, a prosecution in the District Court of the United States is a bar to a subsequent prosecution in this State under the following circumstances:
a. The first prosecution resulted in an acquittal or in a conviction, or in an improper termination as defined in section 2C:1-9 and the subsequent prosecution is based on the same conduct, unless (1) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil or (2) the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted or (3) the second offense was not consummated when the former trial began; or
b. The former prosecution was terminated, after the information was filed or the indictment found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed, or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.
Even a cursory reading of this statute reveals that its application is limited and that the facts and circumstances of each case must be carefully considered before its utilization is justified. There are no reported decisions dealing with this law, so this court must be guided by the language and apparent intent of the statute.
*632 The gist of defendant's motion is that the disposition of the federal charges brought against her in the original and superseding complaints requires, under N.J.S.A. 2C:1-11, that the State be barred from prosecuting the charges contained in the present indictment because of their similarity. The threshold question to be considered is whether the former prosecution in this case was of the kind contemplated by N.J.S.A. 2C:1-11. In this regard each of the federal complaints must be dealt with separately.
The original federal complaint, filed at the time of defendant's arrest, alleged a violation of 18 U.S.C.A. §§ 2 and 1708, which together charged her with being a principal in the crime of stealing or receiving stolen mail, i.e., letters containing undelivered Essex County welfare checks. After a plea agreement had been arranged, this complaint was dismissed with prejudice.
While it is true that defendant Sessoms could not be prosecuted again in federal court on this charge based on the same facts, see White v. United States, 377 F.2d 948, 126 U.S.App.D.C. 309 (D.C. Cir.1967), the dismissal with prejudice does not constitute a former prosecution for purposes of N.J.S.A. 2C:1-11, and therefore need not be considered in deciding this motion for dismissal. This determination is required by the explicit parameters of the statute itself. Subsection a, which embodies many of the principles of constitutional double jeopardy doctrines, requires that the federal prosecution "resulted in an acquittal or in a conviction, or in an improper termination as defined in section 2C:1-9."
There is no merit to an argument that the dismissal of the original federal complaint is tantamount to an acquittal. N.J.S.A. 2C:1-9, which defines the circumstances which prohibit successive state prosecutions for violations of the same statutory provisions, based upon identical facts, requires that an acquittal be "a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction." The circumstances of this case clearly show that the *633 original complaint was dismissed as the result of a plea agreement; no trier of fact ever considered the merits of the complaint or determined the sufficiency of the evidence. Rather, the complaint was dismissed on the motion of the United States Attorney, and is of the nature of a nolle prosequi. See Fed. Rules of Cr. Proc. rule 48, 18 U.S.C.A.
Nor was the disposition of the original federal complaint an "improper termination" of the prosecution. N.J.S.A. 2C:1-9 d. states:
... There is an improper termination of a prosecution if the termination is for reasons not amounting to an acquittal, and it takes place after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts.
In this instance the complaint was dismissed prior to the matter coming to trial. Therefore, there was no improper termination of the prosecution for purposes of N.J.S.A. 2C:1-11 a.
The alternative section of this statute, N.J.S.A. 2C:1-11 b, also fails to encompass the former prosecution of the original complaint. This subsection deals with acquittals, final orders or judgments which "necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted." As previously explained, the dismissal of the original complaint involved no "determination" at all; it was merely the result of a plea agreement.
As neither subsection of N.J.S.A. 2C:1-11 can be read to provide that a dismissal with prejudice filed as a result of a plea agreement constitutes a bar to state prosecution, defendant's motion must rest upon the superseding federal complaint.
Unlike the original federal complaint, the superseding complaint resulted in defendant pleading guilty. A plea of guilty is a conviction under N.J.S.A. 2C:1-9. As the defendant's guilty plea was accepted by the U.S. Magistrate, there is no question that this plea must be considered a conviction under N.J.S.A. 2C:1-11 a.
*634 This determination, however, only resolves a threshold issue raised by this motion. Another is whether the charge contained in the superseding complaint included "conduct" which "constitutes an offense within the concurrent jurisdiction of this State and of the United States" as stated in N.J.S.A. 2C:1-11. This necessitates an examination and comparison of the federal statute to which the defendant pleaded guilty, 18 U.S.C.A. § 371, and the charges contained in the state indictment.
The relevant language of the federal statute reads:
If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than 5 years, or both.
Defendant is charged in count I of the present indictment with violating N.J.S.A. 2C:5-2, the conspiracy statute. A definition of conspiracy is provided in subsection a, which reads:
A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (1) Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) Agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.
In order to be convicted of conspiracy there must be an overt act. N.J.S.A. 2C:5-2 d.
Both the federal and state statutes essentially provide the same definition of conspiracy, except that 18 U.S.C.A. § 371 is directed against conspiracies to commit an offense against the United States while N.J.S.A. 2C:5-2 includes conspiracies to commit any crime. For purposes of determining whether concurrent jurisdiction exists on the conspiracy charges, the facts and circumstances of this case must be considered in light of the statutes and caselaw dealing with conspiracies with multiple objectives.
N.J.S.A. 2C:5-2 c specifically addresses this point. The pertinent language of this subsection reads:

*635 If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.
This statutory provision embodies pre-Code New Jersey case law on this issue. In State v. Ferrante, 111 N.J. Super. 299 (App.Div. 1970), the court stated:
... [I]t is well established that the State may not carve up a single conspiracy into smaller conspiracies for the purpose of multiple prosecutions... If, in fact, the alleged conspiracy is but one overall collusive arrangement, it must be treated as such by the prosecution. [at 303]
Although 18 U.S.C.A. § 371 does not expressly proscribe multiple prosecutions for one conspiracy with several objectives, federal courts have unanimously held that this is the rule. See, e.g., United States v. McMurray, 656 F.2d 540 (10 Cir.1980); United States v. Bastone, 526 F.2d 971 (7 Cir.1975).
N.J.S.A. 2C:5-2 c and the federal court decisions are in accordance with the common law rule in this regard. See 15A C.J.S. Conspiracy § 47 at 759.
From a review of the overt acts set forth in the federal conspiracy complaint and the allegations contained in the state indictment it is clear that the conspiracy alleged by the State is one and the same as the conspiracy to which the defendant pleaded guilty in federal court. The State contends that Ms. Sessoms and 11 others conspired to, among other things, commit forgery and theft upon the Essex County Welfare Board. The superseding federal complaint stated that the stolen mail found in the automobile in which defendant was arrested contained Essex County welfare checks, and that the defendant had in her possession an Essex County welfare check and identification card in the name of Thelma Joans. Obviously, the conspiracy to steal the mail containing welfare checks would be part of the alleged conspiracy to defraud and steal from the welfare board. Therefore, this court finds that count I of the present indictment  as it pertains to defendant Sessoms  alleges "an offense within the concurrent jurisdiction of this State and of the United States." N.J.S.A. 2C:1-11.
*636 This finding, however, is not dispositive of a motion to dismiss this Count. Three exceptions to the bar of a subsequent state prosecution following a conviction in federal court for the same offense are contained in N.J.S.A. 2C:1-11 a, and each must be considered here.
The first exception is that:
... [T]he offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil. [N.J.S.A. 2C:1-11 a(1)]
As discussed above, both the federal and state conspiracy statutes require essentially the same proof: an agreement to violate a law and an overt act in furtherance of the agreement. This exception, therefore, does not apply.
The second exception is:
The offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted.
In Final Report of the Criminal Law Revision Commission the Commentary notes (at 33) that the limitation contained in N.J.S.A. 2C:1-11 a(2) "is not found in the MPC (Model Penal Code) and is unique to our Code. It is intended to prevent a prosecution for a minor offense from having binding effect as to a serious offense. Cf., State v. Bell, 55 N.J. 239 (1970)."
The phrase "intended to prevent a substantially more serious harm or evil" is not defined in the Code, and there is no objective test that could be utilized to compare the federal and state conspiracy statutes being examined here. However, the penalty that may be imposed by a federal court for a violation of 18 U.S.C.A. § 371, a fine of up to $10,000 or imprisonment of up to five years, negates any contention that the former federal prosecution was for a "minor offense." Notwithstanding the fact that a successful prosecution of the State's conspiracy count could potentially result in a conviction for a second degree crime under N.J.S.A. 2C:5-4 a, which governs the grading of conspiracy counts, and therefore carries a possible sentence of between *637 five and ten years, N.J.S.A. 2C:43-6 a(2), the State has failed to show that N.J.S.A. 2C:5-2 "is intended to prevent a substantially more serious harm or evil" than its federal counterpart. This Court finds that the exception contained in N.J.S.A. 2C:1-11 a(2) does not apply in this case.
The last exception, that "the second offense was not consummated when the former trial began", N.J.S.A. 2C:1-11 a(3), is not satisfied herein. Defendant had been arrested by federal authorities before a state complaint had been filed, and thus the conspiracy had ended.
N.J.S.A. 2C:1-12 sets out three situations which would invalidate the bar to prosecution under N.J.S.A. 2C:1-11, but the State has not argued that this section applies, so it is not considered here.
Having reviewed the circumstances and applicable law, this court finds that N.J.S.A. 2C:1-11 a bars prosecution of count I of the state indictment against defendant Sessoms.
Count 19 of the indictment, however, alleges that defendant "did with the purpose to defraud the Essex County Welfare Board execute a writing so that it purported to be the act of legitimate recipients of the Essex County Welfare Board," in violation of N.J.S.A. 2C:21-1 a.
Count 20 charges that defendant "did purposely attempt to commit a theft by deception upon the Essex County Welfare Board by purposely creating or reinforcing a false impression to wit: that certain welfare department identification documents were genuine contrary to the provisions of N.J.S.A. 2C:5-1 and N.J.S.A. 2C:20-4."
These substantive counts present a much different situation than the conspiracy count. Conspiracy and substantive offenses, allegedly committed as a result of the conspiracy, are separate and distinct offenses. See State v. Cormier, 46 N.J. 494, 501 (1966); State v. Vanderhave, 47 N.J. Super. 483, 487 (App.Div. 1957), aff'd 27 N.J. 313 (1958); State v. Bontempo, 170 N.J. Super. *638 220, 250 (Law Div. 1979). Granting of defendant's motion to dismiss the conspiracy count, therefore, does not bar prosecution of the remaining counts.
Since the dismissal with prejudice of the original federal complaint presents no bar to prosecution of any count in state proceedings, there are no other grounds requiring dismissal of the substantive counts.
Accordingly, the motion to dismiss the conspiracy count (I) is granted and the motion to dismiss the substantive counts (19 and 20) is denied.